Todd E. Gallinger, SBN 236666
GILL & GALLINGER LLP
Two Park Plaza
Suite 760
Irvine, CA 92614
P: 949.862.0010
F: 949.861.6582

Attorney for Plaintiffs
JAWAID IQBAL, FARAH AHMED, SALEEM MUHAMMAD, ASIR SIKDAR, KHALIL AMIRI, MUHAMMAD ALI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

C 07 3814 WHA

| | |
|---|---|
| Jawaid Iqbal, an individual; Farah Ahmed, an individual; Saleem Muhammad, an individual; Asir Sikdar, an individual; Khalil Amiri, an individual; Muhammad Ali, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>Michael Chertoff, as Secretary of the Department of Homeland Security; Emilio Gonzalez, as Director of U.S. Citizenship and Immigration Services; David Still, as Field Director of the San Francisco District of U.S. Citizenship and Immigration Services; Robert S. Mueller, as Director of Federal Bureau of Investigation; Alberto Gonzales, as Attorney General Department of Justice,<br><br>Defendants. | CIVIL ACTION NO.:<br><br>COMPLAINT FOR DECLARATORY AND INJUCTIVE RELIEF; PETITION FOR NATURALIZATION HEARING |

**JURISDICTION AND VENUE**

1. Plaintiffs are long-time, lawful permanent resident of the United States, whose applications for naturalization have been unlawfully and unreasonably delayed. This Court has subject-matter jurisdiction over this action under 28 U.S.C. §1331 because Plaintiffs' claims arise under the

---

1
PETITION FOR NATURALIZATION HEARING

1  Immigration and Nationality Act ("INA"), 8 U.S.C. §1101 *et seq.*, and regulations arising thereunder.
2  This Court also has jurisdiction under 8 U.S.C. §1447(b) to adjudicate the naturalization applications of
3  Plaintiffs because the responsible agency, the United States Citizenship and Immigration Services
4  ("USCIS"), has failed to adjudicate the applications despite the passage of more than 120 days since the
5  date of Plaintiffs' naturalization examinations. This Court also has jurisdiction under 28 U.S.C. § 2201
6  (Declaratory judgment act) and 5 U.S.C. § 701 *et seq.* (Administrative Procedure Act). This Court may
7  grant declaratory and injuctive relief pursuant to 28 U.S.C. §§ 1361, 2202, and 5 U.S.C. § 702.

8      2. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and §1391(e) because
9  Defendants are officers or employees of agencies of the United States government, acting in their
10 official capacity under color of legal authority, and a substantial portion of the events and omissions
11 giving rise to the claims herein occurred in this District, and Plaintiff resides in this District. No real
12 property is involved in this action.

## INTRODUCTION

14     3. Plaintiffs are lawful permanent residents of the United States who have lived in the
15 United States for many years and have applied to naturalize as a United States citizen. All have been
16 unlawfully deprived of naturalization for multiple years because of unreasonable and extraordinary
17 agency delays. Plaintiffs have fulfilled all of the statutory requirements for naturalization and have
18 passed their naturalization examinations. Yet USCIS has failed to adjudicate Plaintiffs' applications
19 within 120 days of the date of their naturalization examination, as required by law.

20     4. Plaintiffs seek to pledge their allegiance to the United States and to participate fully in
21 our society as a United States citizen. Having qualified to do so after years of living in the United
22 States and contributing to our country and their local community, Plaintiffs have been robbed of their
23 statutory right to naturalize solely because of the bureaucratic failings and callous inaction of two
24 federal government agencies – USCIS and the Federal Bureau of Investigation ("FBI"). USCIS has
25 delayed the adjudication of Plaintiffs' naturalization applications because it has delegated a new form of
26 security check called a "name check" to the FBI, which has willfully and unreasonably delayed
27 Plaintiff's "name check."

28     5. As a result of the agencies' failure to adjudicate their application for citizenship,

1. Plaintiffs are unable to sponsor for lawful permanent residency their immediate relatives living abroad, apply for and receive business-related benefits reserved for United States citizens (such as federal small business loans), or participate as a United States citizen in the Visa Waiver Program and travel abroad and return to the United States without fear of exclusion. Moreover, Plaintiff is unable to vote in elections, serve on juries, and enjoy the other rights and responsibilities of U.S. citizenship.

6. Defendants are officials of the two government agencies that have failed to adjudicate Plaintiff's naturalization application within the time periods prescribed by law. The exceedingly long delays in adjudication are caused by Defendants' unwillingness to complete in timely fashion a background check known as a "name check." Despite the fact that Plaintiffs have been waiting for years since passing their naturalization examination, Defendants refuse to set any deadlines for the completion of the "name check"; instead, they have allowed Plaintiffs' applications to linger indefinitely. Through their callous and unreasonable inaction, Defendants are depriving Plaintiffs of the rights and benefits of U.S. citizenship.

7. Plaintiffs seeks declaratory and injunctive relief to require the Defendants to adjudicate their application for naturalization within the time limits prescribed by law, and asks the Court to declare the agencies' delays in violation of immigration laws and regulations, laws governing administrative agency action, and the Due Process Clause of the Fifth Amendment. In addition, Plaintiff requests that the Court review his application *de novo* and naturalize him as a United States citizen, pursuant to 8 U.S.C. §1447(b).

## PARTIES

8. Plaintiff JAWAID IQBAL is a lawful permanent resident of the United States, A#75701430. Plaintiff IQBAL applied for naturalization to the United States and was interviewed for his naturalization application on May 22, 2006. Plaintiff IQBAL has exhausted his administrative remedies. Plaintiff has supplied the USCIS and other agencies with all documents and materials necessary to establish his qualification for citizenship. Plaintiff has made numerous inquiries into the status of the application, but has not received any action. Despite his efforts, Defendants have failed to make a decision on the application within 120 days after the examination.

9. Plaintiff FARAH AHMED is a lawful permanent resident of the United States,

1  A#75742808. Plaintiff AHMED applied for naturalization to the United States and was interviewed for
2  her naturalization application on May 22, 2006. Plaintiff AHMED has exhausted her administrative
3  remedies. Plaintiff has supplied the USCIS and other agencies with all documents and materials
4  necessary to establish her qualification for citizenship. Plaintiff has made numerous inquiries into the
5  status of the application, but has not received any action. Despite Plaintiff AHMED's efforts,
6  Defendants have failed to make a decision on the application within 120 days after the examination.

7     10.   Plaintiff SALEEM MUHAMMAD is a lawful permanent resident of the United States,
8  A#47931687. Plaintiff MUHAMMAD applied for naturalization to the United States and was
9  interviewed for his naturalization application on June 29, 2006. Plaintiff MUHAMMAD has exhausted
10 his administrative remedies. Plaintiff has supplied the USCIS and other agencies with all documents
11 and materials necessary to establish his qualification for citizenship. Plaintiff has made numerous
12 inquiries into the status of the application, but has not received any action. Despite his efforts,
13 Defendants have failed to make a decision on the application within 120 days after the examination.

14    11.   Plaintiff ASIR SIKDAR is a lawful permanent resident of the United States,
15 A#75727932. Plaintiff SIKDAR applied for naturalization to the United States and was interviewed for
16 his naturalization application on April 18, 2006. Plaintiff SIKDAR has exhausted his administrative
17 remedies. Plaintiff has supplied the USCIS and other agencies with all documents and materials
18 necessary to establish his qualification for citizenship. Defendants have failed to make a decision on
19 the application within 120 days after the examination.

20    12.   Plaintiff KHALIL AMIRI is a lawful permanent resident of the United States,
21 A#46769870. Plaintiff AMIRI applied for naturalization to the United States and was interviewed for
22 his naturalization application on February 28, 2005. Plaintiff AMIRI has exhausted his administrative
23 remedies. Plaintiff has supplied the USCIS and other agencies with all documents and materials
24 necessary to establish his qualification for citizenship. Defendants have failed to make a decision on
25 the application within 120 days after the examination.

26    13.   Plaintiff MUHAMMAD ALI is a lawful permanent resident of the United States,
27 A#27704922. Plaintiff ALI applied for naturalization to the United States and was interviewed for his
28 naturalization application on May 15, 2006. Plaintiff ALI has exhausted his administrative remedies.

1  Plaintiff has supplied the USCIS and other agencies with all documents and materials necessary to
2  establish his qualification for citizenship. Plaintiff has made numerous inquiries into the status of the
3  application, but has not received any action. Despite his efforts, Defendants have failed to make a
4  decision on the application within 120 days after the examination.
5           14.  Defendant Michael Chertoff is the Secretary of the Department of Homeland Security
6  ("DHS"). As of March 1, 2003, DHS is the agency responsible for implementing the Immigration and
7  Nationality Act ("INA"). Within DHS, USCIS (formerly part of the Immigration and Naturalization
8  Service ("INS")), is responsible for implementing the provisions of the INA under which lawful
9  permanent residents are naturalized as United States citizens. Mr. Chertoff is sued here in his official
10 capacity.
11          15.  Defendant Emilio Gonzalez is the Director of USCIS, and as such is responsible for
12 implementing the provisions of the INA under which lawful permanent residents are naturalized as
13 United States citizens. He is sued here in his official capacity.
14          16.  Defendant David Still is the Field Office Director of the San Francisco District of
15 USCIS. Pursuant to 8 C.F.R. §310.2, Mr. Still has been delegated authority to control all USCIS
16 activities within the San Francisco District, including the authority to adjudicate naturalization
17 applications. He is sued here in his official capacity.
18          17.  Defendant Robert S. Mueller III is the Director of the FBI. The FBI is an agency
19 within the United States Department of Justice whose mission is to enforce criminal laws and defend
20 the United States against terrorist and foreign intelligence threats. Upon the request of USCIS, the FBI
21 performs "name checks" and other background checks of all applicants for naturalization. He is sued
22 here in his official capacity.
23          18.  Defendant Alberto Gonzales is the Attorney General of the United States, and such, is
24 the head of the United States Department of Justice and the chief law enforcement officer of the federal
25 government. The Attorney General has the authority to naturalize persons as citizens of the United
26 States. 8 U.S.C. §1421(a). The Attorney General is also ultimately responsible for the Federal Bureau
27 of Investigation, a subdivision of the Justice Department. Mr. Gonzales is sued here in his official
28 capacity.

## LEGAL FRAMEWORK

19. Federal immigration law allows persons who have been residing in the United States as lawful permanent residents to become United States citizens through a process known as naturalization.

20. A person seeking to naturalize must meet certain requirements, including an understanding of the English language and history and civics of the United States; a sufficient period of physical presence in the United States; and good moral character. 8 U.S.C. §1423, 1427(a).

21. Persons seeking to naturalize must submit an application for naturalization to USCIS. 8 U.S.C. §1445. USCIS is the agency that is responsible for adjudicating naturalization applications. 8 C.F.R. §100.2.

22. Once an application is submitted, USCIS conducts a background investigation of each naturalization applicant. 8 U.S.C. §1446(a); 8 C.F.R. §335.1.

23. According to USCIS regulations, the background investigation includes a full criminal background check performed by the FBI. 8 C.F.R. §335.2. After the background investigation is completed, USCIS schedules a naturalization examination, at which an applicant meets with a USCIS examiner who is authorized to ask questions and take testimony. The USCIS examiner must determine whether to grant or deny the naturalization application. 8 U.S.C. §1446(d).

24. USCIS must grant a naturalization application if the applicant has complied with all requirements for naturalization. 8 C.F.R. §335.3.

25. USCIS must grant or deny a naturalization application at the time of the examination or, at the latest, within 120 days after the date of the examination. 8 C.F.R. §335.3. Once an application is granted, the applicant is sworn in as a United States citizen.

26. Plaintiffs are informed and believes that since September 11, 2001, USCIS has added – without promulgating any regulation – a new type of background check to the naturalization process, known as a "name check." A "name check" is a check of FBI records based on the full name of the applicant. The "name check" is conducted by FBI personnel through manual and electronic searches of the FBI's centralized records. USCIS requests the FBI to conduct "name checks" on all applications for naturalization.

27. Plaintiffs are informed and believes that USCIS does not adjudicate applications for naturalization until it receives a completed "name check" from the FBI. Neither USCIS nor the FBI impose any time limits for completion of "name checks." The FBI claims that USCIS determines the order of resolution of the requested "name checks," and USCIS claims that it cannot ask or require the FBI to complete "name checks" within any particular timeframe.

28. When USCIS fails to adjudicate a naturalization application within 120 days of the examination, the applicant may seek de novo review of the application by a district court. 8 U.S.C. §1447(b). When the applicant requests district court review, the district court gains exclusive jurisdiction over the application, *United States v. Hovsepian*, 359 F.3d 1144 (9th Cir. 2004), and it may naturalize the applicant. 8 U.S.C. §1447(b).

## FIRST CLAIM FOR RELIEF

## PETITION FOR NATURALIZATION

29. Plaintiffs reallege and reassert the forgoing paragraphs as if set forth fully herein.

30. Plaintiffs seek a determination by the Court that they meet the requirements for naturalization and ask to be naturalized as a U.S. citizen without further delay. Pursuant to 8 U.S.C. § 1447(b), this Court should exercise its authority to grant Plaintiffs' naturalization applications.

## SECOND CLAIM FOR RELIEF

## VIOLATION OF THE ADMINISTRATIVE PROCEDURES ACT

31. Plaintiffs reallege and reassert the forgoing paragraphs as if set forth fully herein.

32. The Administrative Procedures Act requires administrative agencies to conclude matters presented to them "within a reasonable time." 5 U.S.C. § 555. A district court reviewing agency action may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

33. The failure of Defendants to adjudicate Plaintiffs' applications for naturalization with 120 days of their examination and to timely complete their "name check" violates 8 U.S.C. 1446(d), 8 C.F.R. § 335, and the Administrative Procedures Act, 5 U.S.C. § 555(b); 5 U.S.C. §§ 706(1), 706(2)(A), 706(2)(C), 706(2)(D).

34. As a result of Defendants' actions, Plaintiffs have suffered and will continue to suffer

1. injury. Both declaratory and injunctive relief are therefore warranted.

## THIRD CLAIM FOR RELIEF

## VIOLATION OF THE DUE PROCESS CLAUSE

35. Plaintiffs reallege and reassert the forgoing paragraphs as if set forth fully herein.

36. The Due Process Clause of the Fifth Amendment prohibits the government from depriving any person of life, liberty or property without due process of law.

37. Defendants have failed to adjudicate Plaintiffs' applications for naturalization within 120 days of their examination date because of a delay in completing their "name check." These actions by Defendants violate Plaintiffs' rights to due process of law.

38. As a result of Defendants' actions, Plaintiffs have suffered and will continue to suffer injury. Declaratory and injunctive relief are therefore warranted.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

**PRAYER FOR RELIEF**

39. WHEREFORE, in view of the arguments and authority noted herein, the Plaintiffs respectfully requests that the Court:

(a) Assume jurisdiction over the matter;

(b) Review de novo and grant Plaintiffs' applications for naturalization, pursuant to 8 U.S.C. §1447(b);

(c) Issue a declaratory judgment holding unlawful the failure of Defendants to adjudicate Plaintiffs' applications for naturalization within 120 days of the date their examination and the failure of Defendants to complete Plaintiffs' "name check" within a reasonable time.

(d) Award reasonable attorney fees and costs pursuant to the Equal Access to Justice Act; and

(e) Grant any and all further relief this Court deems just and proper.

Dated: July 24, 2007

Respectfully Submitted,

Todd E. Gallinger
Attorney for Plaintiffs